# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNELL LEWIS, JR.,** | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-795-DRH |
| **XAVIER BLACKBURN, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Donnell Lewis, Jr., currently an inmate in the Federal Correctional Institution in Yazoo City, Michigan, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

On October 26, 2008, Lewis and four other inmates were "dressed out" at approximately 7:00 PM. Lewis alleges that jail personnel seized legal materials he had brought to the jail on his person. Lewis inquired as to the whereabouts of said materials to the officer performing the dress out, Correctional Officer Xavier Blackburn, who then answered back in a gruff-tone that they would be returned later. A verbal altercation ensued, which became physical. Lewis states that he stood naked with his hands against the wall and his back to the officer. He contends that Blackburn grabbed his neck with both hands and threw him across the room, then struck Lewis twice with opened-palms to the face. Finally, Blackburn once again grabbed by him by the neck and threw him into his holding cell.

Immediately after the incident, Lewis claims to have hyperventilated as a result of the choking. A nurse came to check his vitals but left soon after. He was left on the floor of the cell naked until an officer found him and had him dressed. Lewis claims he suffers neck pains from the incident. Additionally, Lewis claims to be emotional scarred as a result of Officer Blackburn's actions, suffering frequent nightmares and recurring thoughts of retaliation.

**CLAIM 1 – USE OF EXCESSIVE FORCE**

Based on the above facts, Lewis asserts that Blackburn subjected him to excessive force, in violation of his rights under the Eighth Amendment. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the

Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this excessive force claim against Blackburn at this time.

## CLAIM 2 – SUPERVISORY LIABILITY

Lewis next asserts that Blackburn's superior officers – Defendants Justus, McLaurin and Ray – are liable for Blackburn's actions because they failed to properly train and supervise him. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). None of these Defendants is alleged to have participated in the assault on Lewis; thus, this claim against them will be dismissed.

## CLAIM 3 – ASSAULT AND BATTERY

In this claim, Lewis asserts a state law claim of assault and battery against Blackburn, arising

3

out of the same facts alleged in Claim 1. Because Count 3 is derived from a common nucleus of operative facts as Count 1, this Court has supplemental jurisdiction to review this issue. 28 U.S.C. § 1367(a). Thus, the Court will not dismiss this claim at this time.

### CLAIM 4 – BREACH OF CONTRACT

In his final claim, Lewis argues that he is a third-party beneficiary of St. Clair County Jail's contract with the U.S. Marshals calling for the housing the safekeeping of the inmates of the prison. Lewis's claims, however, arises under § 1983, not the contract. In similar to cases, courts have negated the enforcement of such contractual provisions, since the third-party beneficiary status of a prisoner in such a contract is tenuous at best. *Malone v. Correctional Corp. of America*, 553 F.3d 540, 543 (7th Cir. 2009). *See also Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Therefore, Lewis has failed to state a claim upon which relief may be granted, and Claim 4 will be dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 4** are **DISMISSED** from this action with prejudice. Further, Defendants **JUSTUS, McLAURIN** and **RAY** are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is directed to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **BLACKBURN.** The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **BLACKBURN** in the manner specified by Rule

4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

5

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Plaintiff's motion for service (Doc. 4) is now **MOOT**.

**IT IS SO ORDERED.**

**DATED: June 26, 2009.**

/s/   *DavidRHerndon*
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**